UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14019-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN JAMES KEITH,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 3, 5, 6, 8 AND 9

**THIS CAUSE** having come before the Court on the pending Petition for Offender under Supervision [D.E. 53] ("Petition"), and this Court having convened a hearing, now recommends to the District Court as follows:

1. The Defendant appeared before this Court on March 5, 2020 for a hearing on the Petition, which alleges eleven violations of supervised release. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 3, 5, 6, 8 and 9 as set forth in the Petition. The government agreed to seek dismissal of the remaining violations at sentencing.

2. Defendant admitted the following violations:

| | |
|---|---|
| **Violation Number 3** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about January 27, 2020, the defendant was instructed to immediately cease all contact with Timothy Spriggs and Samuel Garner (both convicted felons) as directed. |
| **Violation Number 5** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On or about January 27 and 29, 2020, the defendant was questioned |

regarding his association with Timothy Spriggs (a convicted felon). The defendant initially denied any association with Mr. Spriggs. The defendant also knowingly deceived and misled the probation officer when questioned further about the extent of their association; as evidenced by the defendant's subsequent admissions to United States Probation Officer Robert Tango regarding the extent of their association.

**Violation Number 6**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On or about January 27 and 29, 2020, the defendant was questioned regarding his association with Samuel Garner (a convicted felon). The defendant knowingly deceived and misled the probation officer when questioned further about the extent of their association; as evidenced by the defendant's subsequent admissions to United States Probation Officer Robert Tango regarding the extent of their association.

**Violation Number 8**  **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the probation officer. Since May 2019, the defendant knowingly associated with Timothy Spriggs, convicted in the Southern District of Florida, on June 9, 2009, Docket Number 2:07-CR-14086, of receipt of child pornography.

**Violation Number 9**  **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the probation officer. Since August 2019, the defendant knowingly associated with Samuel Garner, convicted in the Southern District of Florida, on October 18, 2010, Docket Number 2:10-14013-CR-MARTINEZ, of receipt of child pornography via the Internet.

3. This Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 3, 5, 6, 8 and 9. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. As part of his conditions of supervised release, the Defendant is not permitted to associate with any person convicted of a felony without prior permission from his probation officer. The government proffered that on January 27, 2020, United States Probation Officer Robert Tango went to the Defendant's residence to conduct a search. During a search of Defendant's phone, Officer Tango saw a photograph of Timothy Spriggs and texts between the Defendant and Timothy Spriggs and between the Defendant and Samuel Garner. Officer Tango was aware that Spriggs and Garner are convicted felons. The Defendant initially denied knowing Spriggs and Garner, but subsequently admitted contact with them when Officer Tango confronted him with the evidence on the phone. Garner was interviewed the day after the search of Defendant's residence. Garner said that the Defendant's mother had called Garner (at the Defendant's request) to tell him about the search and text messages. Spriggs was interviewed on January 29, 2020. Spriggs said that Defendant called him after the search to advise about what happened. Officer Tango later learned that the contact between Defendant, Spriggs and Garner was more significant than Defendant had led him to believe. Defendant admitted to Officer Tango that he had unauthorized contact with Spriggs since May 2019, and unauthorized contact with Garner since August 2019. The undersigned finds these facts to establish a sufficient basis to support Defendant's admissions to Violation Numbers 3, 5, 6, 8 and 9.

5. The possible maximum penalties faced by the Defendant were read into the record by the government, and Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 3, 5, 6, 8 and 9, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of March, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE